UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
TRICIA LARA

                                        Plaintiff,

-against-

THE CITY OF NEW YORK; DERBY ST. FORT, as Commanding Officer, 61st Precinct; JOHN DOE 1, as Administrative Lieutenant, 61st Precinct; JOHN DOE 2, as Operations Coordinator, 61st Precinct; JOHN DOE 3, as Domestic Violence Sergeant, 61st Precinct; JOHN DOE 4, as Patrol Supervisor, 61st Precinct; JOHN DOE 5, as Detective Squad Commander, 61st Precinct; WANYORY GARCIA, as Detective Squad Supervisor, 61st Precinct; JOHN DOE 6, as Desk Officer, 61st Precinct; ROBERT EMMANUEL, as Police Officer, 61st Precinct; RICHARD POWERS, as Police Officer, 61st Precinct; JOHN DOE 7, as Police Officer, 61st Precinct; CLAUDIA PINZON, as Police Officer, 61st Precinct; YULIA BRAGINSKY, as Police Officer, 61st Precinct; PHILIP DISANTO, as Detective, Detective Squad, 61st Precinct and STEFAN OLYNYK, as Detective, Detective Squad, 61st Precinct, each sued individually and in their official capacities as employees of defendant THE CITY OF NEW YORK

                                        Defendants'
-------------------------------------------------------------------------------x

COMPLAINT

JURY DEMAND

       The Plaintiff TRICIA LARA through her attorney The Sanders Firm, P.C., files this federal complaint against Defendants' THE CITY OF NEW YORK; DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA; JOHN DOE 6; ROBERT EMMANUEL; RICHARD POWERS; JOHN DOE 7; CLAUDIA PINZON; YULIA BRAGINSKY; PHILIP DISANTO and STEFAN OLYNYK respectfully set forth and allege that:

## INTRODUCTION

       This is an action for equitable relief and money damages on behalf of the Plaintiff TRICIA LARA, (hereinafter referred to as "Plaintiff") who was and is being deprived of her civil rights

because Defendants' THE CITY OF NEW YORK; DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA; JOHN DOE 6; ROBERT EMMANUEL; RICHARD POWERS; JOHN DOE 7; CLAUDIA PINZON; YULIA BRAGINSKY; PHILIP DISANTO and STEFAN OLYNYK'S actions and inactions of implementing 'official and un-official' policies of failing to properly investigate her claims as a Black female victim of domestic violence that led to her false arrest and malicious prosecution without probable cause; unlawfully denied her equal protection rights regarding the application of the primary physical aggressor defense under the criminal procedure law, defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions and disregarding their legal obligation to arrest Ansila E. Bryant for the crime of Burglary in the Second Degree a C Felony.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a. the Civil Rights Act of 1871, 42 U.S.C. § 1983

2. The unlawful practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

3. Plaintiff TRICIA LARA has filed suit with this Court within the applicable statute of limitations period.

4. Plaintiff TRICIA LARA is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

5. Plaintiff TRICIA LARA is over twenty-one years of age, resident of Kings County and self identifies as a Black female, consistent with the [2020 US Census] question [about race] is based on an individual identifies. The United States recognizes race categories which include racial and national origins and sociocultural groups.

### DEFENDANTS'

6. Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

7. Defendant DERBY ST. FORT, as Commanding Officer, 61st Precinct.

8. Defendant JOHN DOE 1, as Administrative Lieutenant, 61st Precinct.

9. Defendant JOHN DOE 2, as Operations Coordinator, 61st Precinct.

10. Defendant JOHN DOE 3, as Domestic Violence Sergeant, 61st Precinct.

11. Defendant JOHN DOE 4, as Patrol Supervisor, 61st Precinct.

12. Defendant JOHN DOE 5, as Detective Squad Commander, 61st Precinct.

13. Defendant WANYORY GARCIA, as Detective Squad Supervisor, 61st Precinct.

14. Defendant JOHN DOE 6, as Desk Officer, 61st Precinct.

15. Defendant ROBERT EMMANUEL, as Police Officer, 61st Precinct.

16. Defendant RICHARD POWERS, as Police Officer, 61st Precinct.

17. Defendant JOHN DOE 7, as Police Officer, 61st Precinct.

18. Defendant CLAUDIA PINZON, as Police Officer, 61st Precinct.

19. Defendant YULIA BRAGINSKY, as Police Officer, 61st Precinct.

20. Defendant PHILIP DISANTO, as Detective, Detective Squad, 61st Precinct.

21. Defendant STEFAN OLYNYK, as Detective, Detective Squad, 61st Precinct.

### BACKGROUND

22. Plaintiff TRICIA LARA alleges that around April 2022, Defendant DERBY ST. FORT through Defendants' JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA; JOHN DOE 6; ROBERT EMMANUEL; RICHARD POWERS; JOHN DOE 7; CLAUDIA PINZON; YULIA BRAGINSKY; PHILIP DISANTO and STEFAN OLYNYK and other police personnel compiled and submitted statistical data to be added to the NYPD CompStat 2.0 program and other related department programs regarding the handling of 311 complaints sent to the 61st Precinct.

23. Plaintiff TRICIA LARA alleges that historically, the statistical data resident within the NYPD CompStat 2.0 program and other related department programs are manipulated by police personnel because such statistical data is used to grant promotions, special assignment designations, other job incentives and budgets to the detriment of victims of domestic violence and the general public.

24. Plaintiff TRICIA LARA alleges that an internal audit performed by the NYPD Quality Assurance Division or other similar unit indicated the 311 complaints sent to the 61st Precinct were not properly investigated. In other words, manipulated. Defendant DERBY ST. FORT claimed there was no manipulation but, simply 'coding errors.'

25. Plaintiff TRICIA LARA alleges that the statistical data sent from the 61st Precinct indicated a pattern and practice that crimes and other law enforcement activities are manipulated to avoid index-crime classifications and other data manipulations to the detriment of victims of domestic violence and the general public.

26. Plaintiff TRICIA LARA alleges that according to the NYPD website, it responds to approximately 230,000 domestic incidents annually, or nearly six-hundred calls a day.

27. Plaintiff TRICIA LARA alleges that according to the NYPD website, domestic

violence prevention police officers face unpredictable, potentially volatile situations and therefore, are *highly trained to help ensure victims' safety* as well as their own.

28. Plaintiff TRICIA LARA alleges that according to the NYPD website, more than 400 NYPD domestic violence prevention officers, investigators and supervisors *assist* victims of domestic violence in precincts and Housing Bureau police service areas citywide.

29. Plaintiff TRICIA LARA alleges that according to the NYPD website, the Department is *committed* to serving all communities in the City of New York, especially those vulnerable to victimization.

30. Plaintiff TRICIA LARA alleges that according to the NYPD website, in addition to *enforcing the laws and working to ensure victims' safety*, the NYPD Domestic Violence Unit performs domestic violence awareness outreach. Each local precinct and police service area has a domestic violence office.

31. Plaintiff TRICIA LARA alleges that the aforementioned regarding the department's *commitment* to domestic violence is nothing more than public relations propaganda.

32. Plaintiff TRICIA LARA alleges that her personal experience as a Black female victim of domestic violence, is that her claims were treated as a mere bother and her equal protection rights in particular the application of the primary physical aggressor defense under the criminal procedure law and defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions were not applied.

33. Plaintiff TRICIA LARA alleges that on or about June 30, 2022, she was the sole resident and leaseholder of a residential apartment located in the County of Kings.

34. Plaintiff TRICIA LARA alleges that on that date, as a licensed registered nurse in the state of New York, she was the primary caregiver of her mother.

35. Plaintiff TRICIA LARA alleges that on that date, she had a Ring surveillance camera placed in the living room for protection of her person and property.

36. Plaintiff TRICIA LARA alleges that the Ring surveillance camera unobstructed field of view recorded the areas across the living room leading to the kitchen area and front door.

37. Plaintiff TRICIA LARA alleges that prior to June 30, 2022, she didn't socialize with Ansila E. Bryant because she has a history of assaulting people, committing thefts, other property related crimes and frauds here and abroad in Trinidad.

38. Plaintiff TRICIA LARA alleges that she did not visit Ansila E. Bryant or others on her mother's side of the family nor did Bryant visit with her.

39. Plaintiff TRICIA LARA alleges that on or about June 30, 2022, the Ring surveillance camera was operational.

40. Plaintiff TRICIA LARA alleges that on that date, she was taking care of her mother when the doorbell rang.

41. Plaintiff TRICIA LARA alleges that she opened the front door.

42. Plaintiff TRICIA LARA alleges that Ansila E. Bryant was right outside the door, she remained inside of the apartment. Ms. Patrice Roberts and Adanna Assan accompanied Ms. Bryant.

43. Plaintiff TRICIA LARA alleges that Ansila E. Bryant attempted to enter the apartment while she remained inside the apartment, she denied Bryant permission to enter.

44. Plaintiff TRICIA LARA alleges that Ansila E. Bryant disregarded her wishes and tried to enter anyway; therefore, she blocked the entryway with her body.

45. Plaintiff TRICIA LARA alleges that Ansila E. Bryant forcibly pushed past her while striking her in the chest twice with her fists.

46. Plaintiff TRICIA LARA alleges that Ansila E. Bryant's violent actions caused her

pain and to fear for her life and property.

47. Plaintiff TRICIA LARA alleges that in response to stop Ansila E. Bryant's violent actions, she protected herself and her property punching Bryant in the face to stop any further physical violence against her and further intrusion inside of the apartment.

48. Plaintiff TRICIA LARA alleges that her mother pleaded for her to stop, she left the scene and headed to the 61st Precinct because she was afraid to be alone with them.

49. Plaintiff TRICIA LARA alleges that upon arrival at the 61st Precinct, she met with Defendant JOHN DOE 7.

50. Plaintiff TRICIA LARA alleges that she told Defendant JOHN DOE 7, her address explaining Ansila E. Bryant violently forced her way into the apartment, assaulted her, she wants her arrested and there's a Ring surveillance video which proves it.

51. Plaintiff TRICIA LARA alleges that Defendant JOHN DOE 7 refused to file a domestic incident report, complaint report and aided report consistent with the law and department policy instead, he lifted the microphone from his chest to contact someone via department radio.

52. Plaintiff TRICIA LARA alleges that unbeknownst to her at the time, Defendants' RICHARD POWERS and ROBERT EMMANUEL responded to a 911 call for service at the apartment initiated by Ansila E. Bryant.

53. Plaintiff TRICIA LARA alleges that Defendant JOHN DOE 7 told her to remain inside of the precinct.

54. Plaintiff TRICIA LARA alleges that Defendant JOHN DOE 7 failed to notify Defendants' RICHARD POWERS and ROBERT EMMANUEL about Ansila E. Bryant's violent actions and demands for her arrest.

55. Plaintiff TRICIA LARA alleges that Defendants' RICHARD POWERS and

ROBERT EMMANUEL failed to inquire from Defendant JOHN DOE 7 if there was any information to assist them with investigating this 911 call for service.

56. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 7; RICHARD POWERS and ROBERT EMMANUEL failed to notify Defendant JOHN DOE 4 regarding her claims.

57. Plaintiff TRICIA LARA alleges that Defendant JOHN DOE 4 failed to supervise Defendants' RICHARD POWERS and ROBERT EMMANUEL to ensure they properly investigated this domestic incident consistent with the law and department policy.

58. Plaintiff TRICIA LARA alleges that Ansila E. Bryant supported by Ms. Patrice Roberts, Adanna Assan and her mother spun this false tale of being assaulted. The video of the false tale is captured on the body cameras assigned to Defendants' RICHARD POWERS and ROBERT EMMANUEL. Meanwhile, Defendants' RICHARD POWERS and ROBERT EMMANUEL disregarded the Ring surveillance camera with easily retrievable 'exonerating' video clearly visible on a nearby cabinet in the living room.

59. Plaintiff TRICIA LARA alleges that after Defendants' RICHARD POWERS and ROBERT EMMANUEL accepted the false representations of Ansila E. Bryant, they failed to further investigate her claims consistent with the law and department policy.

60. Plaintiff TRICIA LARA alleges that in accordance with New York State Criminal Procedure § 140.10 (49c), … when an officer has reasonable cause to believe that more than one family or household member has committed such a misdemeanor, the officer is not required to arrest each such person. In such circumstances, the officer shall attempt to identify and arrest the primary physical aggressor… The officer shall evaluate each complaint separately to determine who is the primary physical aggressor and shall not base the decision to arrest or not to arrest on

the willingness of a person to testify or otherwise participate in a judicial proceeding.

61. Plaintiff TRICIA LARA alleges that in accordance with New York State Penal Law § 35.10 (6), the use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances: … A person may, pursuant to the ensuing provisions of this article, use physical force upon another person in self-defense or defense of a third person, or in defense of premises, or in order to prevent larceny of or criminal mischief to property, or in order to effect an arrest or prevent an escape from custody.

62. Plaintiff TRICIA LARA alleges that in accordance with New York State Penal Law § 35.15 (1), a person may, subject to the provisions of subdivision two, use physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person…

63. Plaintiff TRICIA LARA alleges that in accordance with New York State Penal Law § 35.20 (2), a person in possession or control of any premises, or a person licensed or privileged to be thereon or therein, may use physical force upon another person when he or she reasonably believes such to be necessary to prevent or terminate what he or she reasonably believes to be the commission or attempted commission by such other person of a criminal trespass upon such premises. Such person may use any degree of physical force, other than deadly physical force, which he or she reasonably believes to be necessary for such purpose, and may use deadly physical force in order to prevent or terminate the commission or attempted commission of arson, as prescribed in subdivision one, or in the course of a burglary or attempted burglary, as prescribed in subdivision three.

64. Plaintiff TRICIA LARA alleges that Defendants' RICHARD POWERS and ROBERT EMMANUEL failed to interview her.

65. Plaintiff TRICIA LARA alleges that Defendants' RICHARD POWERS and ROBERT EMMANUEL failed to ascertain whether the Ring surveillance camera captured the incident between she and Ansila E. Bryant.

66. Plaintiff TRICIA LARA alleges that Defendants' RICHARD POWERS and ROBERT EMMANUEL failed to notify Defendant JOHN DOE 4 regarding her claims.

67. Plaintiff TRICIA LARA alleges that Defendants' RICHARD POWERS and ROBERT EMMANUEL failed to document that she walked into the precinct to assert her claims and have Ansila E. Bryant arrested.

68. Plaintiff TRICIA LARA alleges therefore, Defendants' RICHARD POWERS and ROBERT EMMANUEL failed to apply the defenses available to her as defined in Paragraph Nos.: 60 – 63, violating her equal protection rights under the law that eventually led to her false arrest and malicious prosecution.

69. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 7; RICHARD POWERS and ROBERT EMMANUEL actions and inactions are inconsistent with the law and department policy but, consistent with the pattern and practice that crimes and other law enforcement activities are manipulated to avoid index-crime classifications and other data manipulations to the detriment of victims of domestic violence and the general public.

70. Plaintiff TRICIA LARA alleges that on or about July 1, 2022, she walked into the 61st Precinct again to report the crimes committed against her by Ansila E. Bryant.

71. Plaintiff TRICIA LARA alleges that Defendant CLAUDIA PINZON prepared a domestic incident report, intentionally misstated the circumstances of the incident and listed the

offense as Harassment; meanwhile, if you read the allegations written, it constitutes Burglary in the Second Degree a C Felony an index-crime.

72. Plaintiff TRICIA LARA alleges that Defendant CLAUDIA PINZON failed to properly investigate her claims.

73. Plaintiff TRICIA LARA alleges that since Defendant CLAUDIA PINZON failed to properly investigate her claims, she was unable to ascertain whether the Ring surveillance camera captured the incident between she and Ansila E. Bryant.

74. Plaintiff TRICIA LARA alleges that Defendant CLAUDIA PINZON failed to notify Defendants' DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 5; WANYORY GARCIA; PHILIP DISANTO or STEFAN OLYNYK regarding her claims.

75. Plaintiff TRICIA LARA alleges therefore Defendant CLAUDIA PINZON failed to apply the defenses available to her as defined in Paragraph Nos.: 60 – 63, violating her equal protection rights under the law that eventually led to her false arrest and malicious prosecution.

76. Plaintiff TRICIA LARA alleges that Defendant CLAUDIA PINZON'S actions and inactions are inconsistent with the law and department policy but, consistent with the pattern and practice that crimes and other law enforcement activities are manipulated to avoid index-crime classifications and other data manipulations to the detriment of victims of domestic violence and the general public.

77. Plaintiff TRICIA LARA alleges that there's an internal document review process managed by Defendants' DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 5; and WANYORY GARCIA designed to ensure police investigations are properly handled and classified. The internal document review process failed because the motivating factor is the manipulation of statistical data consistent with the pattern and practice that crimes and other law

enforcement activities are manipulated to avoid index-crime classifications and other data manipulations to the detriment of victims of domestic violence and the general public.

78. Plaintiff TRICIA LARA alleges that on about July 1, 2022, Defendant PHILIP DISANTO under the authority of Defendants' JOHN DOE 5 and WANYORY GARCIA entered an Active Investigation Card into the E-Justice System for the NYPD and other law enforcement personnel to arrest her for the crime of Assault in the Third Degree a Misdemeanor.

79. Plaintiff TRICIA LARA alleges that Defendants' PHILIP DISANTO; JOHN DOE 5 and WANYORY GARCIA never contacted her regarding the Active Investigation Card endangering her health, safety and welfare.

80. Plaintiff TRICIA LARA alleges that Defendants' PHILIP DISANTO; JOHN DOE 5 and WANYORY GARCIA failed to interview her.

81. Plaintiff TRICIA LARA alleges that Defendants' PHILIP DISANTO; JOHN DOE 5 and WANYORY GARCIA failed to interview her, therefore, they were unable to ascertain whether the Ring surveillance camera captured the incident between she and Ansila E. Bryant.

82. Plaintiff TRICIA LARA alleges therefore, Defendants' PHILIP DISANTO; JOHN DOE 5 and WANYORY GARCIA failed to apply the defenses available to her as defined in Paragraph Nos.: 60 – 63, violating her equal protection rights under the law that eventually led to her false arrest and malicious prosecution.

83. Plaintiff TRICIA LARA alleges that Defendants' PHILIP DISANTO; JOHN DOE 5 and WANYORY GARCIA actions and inactions are inconsistent with the law and department policy but, consistent with the pattern and practice that crimes and other law enforcement activities are manipulated to avoid index-crime classifications and other data manipulations to the detriment of victims of domestic violence and the general public.

84. Plaintiff TRICIA LARA alleges that on or about July 4, 2022, she walked into the 61st Precinct to inquire about the complaint she filed with Defendant CLAUDIA PINZON.

85. Plaintiff TRICIA LARA alleges that she met with Defendant YULIA BRAGINSKY, who told her that there's no complaint filed under her name but, there's a warrant for her arrest.

86. Plaintiff TRICIA LARA alleges that she pleaded with Defendant YULIA BRAGINSKY that she's the victim and there's a Ring surveillance video to prove it.

87. Plaintiff TRICIA LARA alleges that she attempted to show Defendant YULIA BRAGINSKY the Ring surveillance video on her personal cellular telephone but, she declined telling her to speak with the detective and placed her in handcuffs.

88. Plaintiff TRICIA LARA alleges that Defendant YULIA BRAGINSKY failed to properly investigate her claims.

89. Plaintiff TRICIA LARA alleges that since Defendant YULIA BRAGINSKY failed to properly investigate her claims, therefore, she was unable to ascertain whether the Ring surveillance camera captured the incident between she and Ansila E. Bryant.

90. Plaintiff TRICIA LARA alleges that Defendant YULIA BRAGINSKY failed to notify Defendants' DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 5; JOHN DOE 6; WANYORY GARCIA; PHILIP DISANTO or STEFAN OLYNYK regarding her claims.

91. Plaintiff TRICIA LARA alleges therefore, Defendant YULIA BRAGINSKY failed to apply the defenses available to her as defined in Paragraph Nos.: 60 – 63, violating her equal protection rights under the law that eventually led to her false arrest and malicious prosecution.

92. Plaintiff TRICIA LARA alleges that Defendant YULIA BRAGINSKY'S actions

and inactions are inconsistent with the law and department policy but, consistent with the pattern and practice that crimes and other law enforcement activities are manipulated to avoid index-crime classifications and other data manipulations to the detriment of victims of domestic violence and the general public.

93. Plaintiff TRICIA LARA alleges that Defendant STEFAN OLYNYK under the supervision of Defendants' JOHN DOE 5 and WANYORY GARCIA then falsely claimed on all arrest and other department documents including the misdemeanor information he was the arresting officer. There's no mention of Defendant YULIA BRAGINSKY actually arresting her. Nor did LARA meet Defendants' JOHN DOE 5; WANYORY GARCIA or STEFAN OLYNYK.

94. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA and STEFAN OLYNYK never contacted her regarding the Active Investigation Card endangering her health, safety and welfare.

95. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA and STEFAN OLYNYK failed to interview her.

96. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA and STEFAN OLYNYK failed to interview her, therefore, they were unable to ascertain whether the Ring surveillance camera captured the incident between she and Ansila E. Bryant.

97. Plaintiff TRICIA LARA alleges therefore, Defendants' JOHN DOE 5; WANYORY GARCIA and STEFAN OLYNYK failed to apply the defenses available to her as defined in Paragraph Nos.: 60 – 63, violating her equal protection rights under the law that eventually led to her false arrest and malicious prosecution.

98. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA and STEFAN OLYNYK actions and inactions are inconsistent with the law and

department policy but, consistent with the pattern and practice that crimes and other law enforcement activities are manipulated to avoid index-crime classifications and other data manipulations to the detriment of victims of domestic violence and the general public

99. Plaintiff TRICIA LARA alleges that after several court appearances and the People reviewing the Ring surveillance video, on or about December 8, 2022, on the day of trial moved to dismiss representing to the Court, upon further review the wrong person was arrested.

100. Plaintiff TRICIA LARA alleges that to this day, Defendants' DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA and JOHN DOE 6 failed in their legal obligation to ensure Ansila E. Bryant is arrested for the crime of Burglary in the Second Degree a C Felony and to protect Lara's equal rights under the law.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### FALSE ARREST
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

101. Plaintiff TRICIA LARA re-alleges Paragraphs 1 through 100 and incorporates them by reference as Paragraphs 1 through 100 of Count I of this Complaint.

102. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA; YULIA BRAGINSKY and STEFAN OLYNYK under color of law, personally interfered with and deprived her of her constitutional rights.

103. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA; YULIA BRAGINSKY and STEFAN OLYNYK acting individually and in their official capacities as public officials of Defendant THE CITY OF NEW YORK under color of law, as a

Black female victim of domestic violence she was falsely arrested without probable cause, unlawfully denied her equal protection rights under the law regarding the application of the primary physical aggressor defense under the criminal procedure law; defenses of justification under the penal law designed to prevent false arrests.

104. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA; YULIA BRAGINSKY and STEFAN OLYNYK'S conduct caused her to suffer emotional distress and other monetary damages.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## MALICIOUS PROSECUTION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

105. Plaintiff TRICIA LARA re-alleges Paragraphs 1 through 104 and incorporates them by reference as Paragraphs 1 through 104 of Count II of this Complaint.

106. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA; YULIA BRAGINSKY and STEFAN OLYNYK under color of law, personally interfered with and deprived her of her constitutional rights.

107. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY GARCIA; YULIA BRAGINSKY and STEFAN OLYNYK acting individually and in their official capacities as public officials of Defendant THE CITY OF NEW YORK under color of law, as a Black female victim of domestic violence she was maliciously prosecuted without probable cause, unlawfully denied her equal protection rights under the law regarding the application of the primary physical aggressor defense under the criminal procedure law; defenses of justification under the penal law designed to prevent malicious prosecutions.

108. Plaintiff TRICIA LARA alleges that Defendants' JOHN DOE 5; WANYORY

GARCIA; YULIA BRAGINSKY and STEFAN OLYNYK'S conduct caused her to suffer emotional distress and other monetary damages.

## COUNT III
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

109. Plaintiff TRICIA LARA re-alleges Paragraphs 1 through 108 and incorporates them by reference as Paragraphs 1 through 108 of Count III of this Complaint.

110. Plaintiff TRICIA LARA alleges that Defendant THE CITY OF NEW YORK through its agents Defendants' DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA; JOHN DOE 6; ROBERT EMMANUEL; RICHARD POWERS; JOHN DOE 7; CLAUDIA PINZON; YULIA BRAGINSKY; PHILIP DISANTO and STEFAN OLYNYK caused her injuries.

111. Plaintiff TRICIA LARA alleges that Defendant THE CITY OF NEW YORK actions and inactions of implementing 'official and un-official' policies of failing to properly investigate her claims as a Black female victim of domestic violence that led to her false arrest and malicious prosecution without probable cause; unlawfully denied her equal protection rights regarding the application of the primary physical aggressor defense under the criminal procedure law, defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions and disregarding their legal obligation to arrest Ansila E. Bryant for the crime of Burglary in the Second Degree a C Felony.

112. Plaintiff TRICIA LARA alleges that Defendant THE CITY OF NEW YORK through its agents Defendants' DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA; JOHN DOE 6; ROBERT EMMANUEL; RICHARD POWERS; JOHN DOE 7; CLAUDIA PINZON; YULIA BRAGINSKY; PHILIP

DISANTO and STEFAN OLYNYK caused her to suffer emotional distress and other monetary damages.

## COUNT IV
## EQUAL PROTECTION – VICTIMS OF DOMESTIC VIOLENCE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

113. Plaintiff re-alleges Paragraphs 1 through 112 and incorporates them by reference as Paragraphs 1 through 112 of Count IV of this Complaint.

114. Plaintiff TRICIA LARA alleges that Defendants' DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA; JOHN DOE 6; ROBERT EMMANUEL; RICHARD POWERS; JOHN DOE 7; CLAUDIA PINZON; YULIA BRAGINSKY; PHILIP DISANTO and STEFAN OLYNYK under color of law, actions and inactions of implementing 'official and un-official' policies of failing to properly investigate her claims as a Black female victim of domestic violence that led to her false arrest and malicious prosecution without probable cause; unlawfully denied her equal protection rights regarding the application of the primary physical aggressor defense under the criminal procedure law, defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions and disregarding their legal obligation to arrest Ansila E. Bryant for the crime of Burglary in the Second Degree a C Felony.

115. Plaintiff TRICIA LARA alleges that Defendants' DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA; JOHN DOE 6; ROBERT EMMANUEL; RICHARD POWERS; JOHN DOE 7; CLAUDIA PINZON; YULIA BRAGINSKY; PHILIP DISANTO and STEFAN OLYNYK caused her to suffer emotional distress and other monetary damages.

**JURY TRIAL**

116.    Plaintiff TRICIA LARA demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff TRICIA LARA demands compensatory and punitive damages from Defendants' THE CITY OF NEW YORK; DERBY ST. FORT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; WANYORY GARCIA; JOHN DOE 6; ROBERT EMMANUEL; RICHARD POWERS; JOHN DOE 7; CLAUDIA PINZON; YULIA BRAGINSKY; PHILIP DISANTO and STEFAN OLYNYK jointly and severally, in an amount to be determined at trial, plus available statutory remedies, both legal and equitable, interests and costs.

Dated:  December 12, 2022
New York, N.Y.

Respectfully submitted,

By: _____
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com