```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  TRICIA LARA,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :    MEMORANDUM DECISION AND
                   -against-                                :    ORDER
                                                            :
  THE CITY OF NEW YORK et al.,                              :    22-cv-7542 (BMC)
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is a Section 1983 case against the City of New York and various NYPD officers. Plaintiff's two remaining claims are false arrest and malicious prosecution in violation of her Fourth Amendment rights. For the reasons stated below, the Court finds that defendants are entitled to qualified immunity and grants their motion to dismiss.

## BACKGROUND

The relevant facts as pleaded by plaintiff's complaint are as follows. A relative of plaintiff's, Ms. Bryant, rang the doorbell at plaintiff's residence. Ms. Bryant attempted to enter the apartment despite plaintiff denying her entry. Ms. Bryant struck plaintiff in the chest twice and forcibly pushed past her; plaintiff punched Ms. Bryant in response. Plaintiff went to defendants' precinct and explained to an officer at the precinct that Ms. Bryant forced herself into plaintiff's apartment and assaulted her, and that she had Ring surveillance footage to prove her story. The officer did not file an incident report.

Unbeknownst to plaintiff, two officers responded to a 911 call at plaintiff's apartment initiated by Ms. Bryant. When they arrived, Ms. Bryant told those officers her version of the altercation.

Subsequently, a detective, supervised by defendants John Doe #5 and Detective Garcia, entered an active investigation card ("I-Card") into NYPD's database to arrest plaintiff for the crime of assault in the third degree.[1]  Defendants did not contact plaintiff regarding her active I-Card, did not interview plaintiff, did not seek or review the Ring camera footage capturing the incident between plaintiff and Ms. Bryant, and did not consider plaintiff's available criminal defenses.

The day after the incident, plaintiff returned to the precinct to report the altercation with Ms. Bryant.  An officer prepared a domestic incident report, stating that the offense was harassment, not burglary.  When plaintiff returned to the precinct again a few days after the altercation, defendant Officer Braginsky informed her that there was a warrant out for her arrest.  Plaintiff informed Officer Braginsky that she was the victim in the altercation and notified them that there was Ring camera footage to prove it.  Officer Braginsky refused to watch the video and arrested plaintiff.  However, defendant Detective Olynyk, supervised by John Doe #5 and Detective Garcia, was listed as the arresting officer on plaintiff's paperwork.

After several court appearances, the District Attorney moved to dismiss the charge against plaintiff on the grounds that the wrong person was arrested.  The court granted the motion.

On the basis of these allegations, plaintiff brought claims for false arrest, malicious prosecution, violation of equal protection against the individual officer defendants, and a Monell claim against the City.  The Court previously dismissed the equal protection and Monell claims.

---

[1] An I-Card is "an internal NYPD form issued by an officer when there is a suspect, witness, or perpetrator to be investigated." United States v. Esters, No. 21-cr-398, 2022 WL 16715891, at *2 n.4 (E.D.N.Y. Nov. 4, 2022) (quotation omitted).  "There are two types of I-Cards: a 'probable cause' I-Card and a 'suspect only' I-Card. . . . Probable cause I-Cards signal that there is probable cause for a person's arrest, whereas suspect only I-Cards show that the subject is a person of interest." Id. (cleaned up).  The I-Card here was a probable cause I-Card.

This decision addresses defendants' qualified immunity defense to plaintiff's false arrest and malicious prosecution claims.

## DISCUSSION

A public official is entitled to qualified immunity unless, *inter alia*, the plaintiff's rights were "clearly established," and it was "objectively unreasonable" for the public official to believe his actions did not violate those rights. Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). A right is clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Mullenix v. Luna, 577 U.S. 7, 11 (2015) (quotation omitted). To be clearly established, the right must be the subject of Supreme Court, or, in this case, Second Circuit, or New York Court of Appeals decisions that bear some factual analogy to the facts of the instant case, so that the public officials are deemed on at least constructive notice of the parameters of permissible conduct.

In the context of false arrest and malicious prosecution claims, qualified immunity applies if there is arguable probable cause to make an arrest, which exists "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Zalaski v. City of Hartford, 723 F.3d 382, 390 (2d Cir. 2013) (quoting Escarela v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004)).

I. **Officer Braginsky**

Plaintiff asserts that Officer Braginsky caused plaintiff's false arrest and malicious prosecution because Officer Braginsky arrested plaintiff based on the I-Card, refused to look at the Ring surveillance video, and failed to notify her supervisors of plaintiff's allegations. These facts do not support a claim for false arrest or malicious prosecution. "[T]he law shields an

3

arresting officer from liability for false arrest," and malicious prosecution, "if the officer relies on a fellow officer who vouches for probable cause." Golphin v. City of New York, No. 09-cv-1015, 2011 WL 4375679, at *2 (S.D.N.Y. Sept. 19, 2011) (citing Savino v. City of New York, 331 F.3d 63, 74 (2d Cir. 2003)).  This shield, referred to as the collective knowledge doctrine, applies when the existence of probable cause is communicated to a police officer via an I-Card. See Dowtin v. O'Neill, No. 16-cv-6119, 2019 WL 7496574, at *2 (E.D.N.Y. Jan. 7, 2019) ("Any knowledge held by the officer who took that complaint is imputed to Defendant (via the I-Card) as a matter of law." (citing United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001))).  An officer remains shielded from liability for false arrest and malicious prosecution if the I-Card proves to not be supported by probable cause, as long as it appeared valid on its face. Demosthene v. City of New York, No. 14-cv-816, 2015 WL 5093116, at *19 (E.D.N.Y. June 26, 2015) (denying motion to amend complaint to add as defendant a detective who carried out arrest pursuant to an I-Card because "[a]lthough Plaintiff alleges that the I-card was invalid because it rested at least in part upon Detective Haber's alleged fabrication of evidence, Plaintiff does not allege how NYDOC Captain Ellis, or any officer for that matter, would have known that from the I-card's face."), report and recommendation adopted, 2015 WL 5093164 (E.D.N.Y. Aug. 28, 2015), aff'd, 831 F. App'x 530 (2d Cir. 2020); see also United States v. Rumph, No. 23-cr-603, 2024 WL 4503027, at *6 (S.D.N.Y. Oct. 16, 2024) (detective "required" by NYPD protocol to arrest defendant who was stopped at a valid traffic stop and had an active arrest I-Card).

      Here, there is no dispute that the I-Card appeared valid on its face and that it stated there was probable cause to arrest plaintiff for assault in the third degree.  Given that officers are permitted to find probable cause based on the existence of a facially valid I-Card, it was not "objectively unreasonable" for Officer Braginsky to find probable cause and arrest plaintiff

4

based on the I-Card authorizing plaintiff's arrest. Officer Braginsky is therefore entitled to qualified immunity. See Gonzalez, 728 F.3d at 154.

Similarly, Officer Braginsky's refusal to view the Ring surveillance video was not objectively unreasonable. "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997) (citations omitted). In other words, once there is probable cause, even if an officer would be entitled to believe an arrestee's version of events and investigate further, he is not required to do so. Upon establishing probable cause to arrest plaintiff based on the I-Card, it was not objectively unreasonable for Officer Braginsky to refuse to view the evidence plaintiff claimed would prove her innocence – she was not required "to explore and eliminate every theoretically plausible claim of innocence." Id.

Nor does Officer Braginsky's failure to notify her supervisors of plaintiff's protestations of innocence defeat qualified immunity. As noted above, plaintiff's claims did not defeat the existence of probable cause for her arrest, and police officers do not have an obligation to report every potentially mitigating fact to their supervisors. See Savino, 331 F.3d at 74-75 (2d Cir. 2003) (dismissing malicious prosecution claim based on allegation that police officer did not report all potentially mitigating circumstances to the Assistant District Attorney); Richards v. City of New York, No. 97-cv-7990, 2003 WL 21036365, at *17 (S.D.N.Y. May 7, 2003) (failure to report conflicting eyewitness testimony not sufficient to undermine probable cause. Thus, Officer Braginsky did not act objectively unreasonably and is entitled to qualified immunity.

5

### II. Detective Olynyk

Plaintiff claims that Detective Olynyk is liable for plaintiff's false arrest and malicious prosecution because he falsely claimed on plaintiff's arrest paperwork that he was the arresting officer without even meeting plaintiff. Plaintiff also alleges that Defective Olynyk never contacted her regarding the Active Investigation Card and failed to interview her. But by plaintiff's own recounting, it was Officer Braginsky who arrested plaintiff, not Detective Olynyk. When a police officer's role is limited to "review of post-arrest paperwork," and there is no allegation that the officer "had any reason to know that [the arresting officer] did not have probable cause for the arrest[ ]," a claimant cannot make out a claim of false arrest or malicious prosecution. Holden v. Port Auth. of New York & New Jersey, 521 F. Supp. 3d 415, 436 (S.D.N.Y. 2021). Because there is no responsibility for a police officer involved in "post-arrest paperwork" to investigate an arresting officer's facially valid probable cause determination, Detective Olynyk did not act objectively unreasonably and is protected by qualified immunity.

Regarding plaintiff's claims that Detective Olynyk did not contact or interview plaintiff regarding the I-Card, plaintiff has not identified, nor has this Court found, any authority indicating that an individual has a "clearly established" right to be contacted or interviewed about an I-Card issued in her name before she is arrested based on the probable cause conferred by the I-Card. Detective Olynyk is therefore entitled to qualified immunity. See Gonzalez, 728 F.3d at 154.

### III. John Doe #5 and Detective Garcia

Plaintiff alleges that John Doe #5 and Detective Garcia, the Detective Squad Commander and Supervisor, respectively, are liable for plaintiff's false arrest and malicious prosecution

6

because they supervised the detective who entered the I-Card, never contacted plaintiff about the I- Card, failed to interview plaintiff, and supervised Detective Olynyk, who falsely claimed to be the arresting officer on plaintiff's paperwork.

John Doe #5 and Detective Garcia's supervision of Detective Olynyk and the detective who entered the I-Card does not provide a basis for liability because there is no suggestion that either defendant was personally involved in making an arrest or pursuing prosecution without probable cause.  See Holden, 521 F. Supp. at 436.  Plaintiff points to no analogous authority where a police officer was found to have acted unreasonably by not intervening in an arrest and prosecution based on an I-Card that states probable cause.

As stated above, on plaintiff's claims regarding the failure to contact or interview her regarding the I-Card, plaintiff has not identified, nor has this Court found, any authority indicating that an individual has a "clearly established" right to be contacted or interviewed about an I-Card issued in her name before she is arrested based on the probable cause conferred by the I-Card.  Qualified immunity is appropriate.

## CONCLUSION

Defendants' motion to dismiss is granted.

**SO ORDERED**.

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 19, 2024